**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| K-BEECH, INC., | : Civil Case No. 11-4776 (FSH) |
| Plaintiff, | : |
| v. | : **OPINION & ORDER** |
| JOHN DOES 1-39, et al., | : Date: January 6, 2012 |
| Defendants. | : |

**HOCHBERG, District Judge**:

        This matter having come before the Court upon a Motion to Quash or Modify Subpoena by Defendant John Doe 30 [docket # 7], a Motion to Quash a Subpoena by Defendant John Doe 20 [docket # 9],  Motion to Sever for Misjoinder of Parties and Claims and Motion to Quash or Modify Subpoena by Defendant John Doe 5 [docket # 10], a Motion to Quash and Dismiss by Defendant John Doe 33 [docket # 12], a Motion to Dismiss and, in the alternative, issue a protective order by Defendant John Doe 2 [docket # 16], and Plaintiff's Motion to Amend/Correct Caption and for Leave to File the Second Amended Complaint so that Plaintiff may have Summonses Issued [docket # 28]; and the Court having reviewed the submissions of the parties pursuant to Rule 78 of the Federal Rules of Civil Procedure; and for good cause having been shown; and

it appearing that on August 18, 2011, Plaintiff filed suit under 17 U.S.C. § 504 against

thirty-nine unidentified defendants alleging direct and contributory copyright infringement in

violation of the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*;[1] and

*Various Motions to Quash/Modify Subpoena/Protective Order*[2]

it appearing that Defendants argue that the subpoenas to the ISP providers should be

quashed pursuant to Fed. R. Civ. P. 45(c)(3)(A) because they require disclosure of privileged and

---

[1] Each defendant is known to Plaintiff only by an internet protocol address ("IP"). The Complaint alleges that each defendant installed BitTorrent client software on his or her computer that enabled each defendant to engage in peer to peer file sharing. The Complaint further alleges that each defendant, through their respective IPs, directly and contributorily infringed Plaintiff's copyright on a motion picture entitled "Virgins 4" by downloading (obtaining from other users) and uploading (distributing to other users) segments of the work via the BitTorrent protocol.
   On September 1, 2011, Plaintiff filed a motion for leave to take discovery on third-party internet service providers ("ISPs") in order to subpoena the ISPs to identify the individuals associated with each IP. On September 6, 2011, the Court granted the motion.
   Defendant John Doe 30 filed a Motion to Quash a Subpoena on October 4, 2011. On October 14, 2011, Defendant John Doe 20 filed a motion to quash a subpoena Plaintiff served upon Optimum Online, care of CSC Holdings, Inc., seeking the identity and personal information associated with each listed IP assigned by Optimum Online. John Doe 5 filed a Motion to Sever for Misjoinder of Parties and Claims and a Motion to Quash or Modify a Subpoena on October 16, 2011. On October 20, 2011, John Doe 33 filed a Motion to Quash and a Motion to Dismiss the Complaint.
   On October 24, 2011, Plaintiff filed a memorandum in opposition to the motions to quash filed by John Does 20 and 30, as well as an Amended Complaint, adding claims under 15 U.S.C. § 1125(a) for direct and contributory trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*
   On October 27, 2011, Defendant John Doe 2 filed a Motion to Dismiss and in the alternative, a Motion for a Protective Order and to Proceed Anonymously. On November 7, 2011, Plaintiff filed briefs in opposition to the motions filed by Defendants John Does 5 and 33.
   On December 8, 2011, Plaintiff filed a Motion to Amend/Correct Caption and For Leave To File the Second Amended Complaint So That Plaintiff May Have Summonses Issued.

[2] At least one Defendant seeks to have a protective order entered sealing the case to protect his identity. However, the Court will deny this request for failure to comply with Local Civil Rule 5.3.

2

protected matter and because they seek disclosure of information protected by the First

Amendment of the United States Constitution;[3] and

the Court finding that Defendants' motions will be denied because Plaintiff has made a

*prima facie* showing of both copyright and trademark infringement, that Defendants' limited

_____

[3] A subpoena shall be quashed if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Citing *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), Defendant contends that a First Amendment interest in anonymous file-sharing makes his or her identity a "protected matter" under Rule 45, and that his or her First Amendment interest must be balanced against the Plaintiff's need for disclosure.

In a case involving similar peer to peer file sharing of copyrighted media, the <u>Sony</u> court found that although a file sharer makes a statement by downloading and uploading selected music, "such an individual is not seeking to communicate a thought or convey an idea. Instead, the individual's real purpose is to obtain music for free." *Sony*, 326 F. Supp. 2d at 564. The court concluded that peer to peer file sharing is entitled to limited First Amendment protection, "subject to other considerations." *Id.*; *see also McVicker v. King*, 266 F.R.D. 92, 94 (W.D. Pa. 2010) (stating that "anonymous speech on the Internet, like speech from identifiable sources, does not have absolute protection"); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 9 (D.D.C. 2008) (stating that "the right to speak anonymously is not absolute, and there are situations that require lesser degrees of First Amendment protection").

In *Sony*, the "other considerations" were the plaintiff's interests in protecting its copyrighted works. Collecting cases evaluating subpoenas seeking identifying information from ISPs, the *Sony* court identified five factors "to weigh the need for disclosure against First Amendment interests." *Sony*, 326 F. Supp. 2d at 564. The five factors are: (1) a *prima facie* claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy. <u>Id.</u> at 564-65. Approaches involving these five factors or some variation thereon have gained near-universal acceptance in other courts. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010); *First Time Videos, LLC v. Does 1-500*, Civ. No. 10-6254, 2011 WL 3498227, at *6-7 (N.D. Ill. Aug. 9, 2011); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 350-51 (D.D.C. 2011); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 164 (D. Mass. 2008); *see also Dendrite Int'l, Inc. v. Doe No. 3*, 342 N.J. Super. 134, 141-42 (App. Div. 2001) (applying similar factors prior to the *Sony* decision).

First Amendment rights do not prevent Plaintiff from seeking Defendants' identities, and that the only way to obtain Defendants' identities is to subpoena the ISP;[4] and

*Motion to Sever for Misjoinder*

it appearing that John Doe 5 moves to sever the claims against him from the claims against all of the remaining John Doe Defendants on the grounds of misjoinder; and

---

[4] The Court finds that Plaintiff has stated claims for both copyright infringement and a violation under the Lanham Act as set forth below in footnote 7. Accordingly, Plaintiff satisfies the first factor in support of quashing the subpoena. Plaintiff has also satisfied the second and third factors as it has established that it lacks any other means to obtain the information which it has subpoenaed, relying solely on the IP addresses. Only the ISPs can identify the Defendants once the ISPs have been provided with the IP addresses along with the date and time of the infringing activity. Plaintiff has also sufficiently alleged a central need for the subpoenaed information to advance the claim as it seems there is no other way for Plaintiff to obtain the information is seeks in order to go forward with its copyright infringement claim. As for the fifth factor, Plaintiff has a strong interest in protecting its copyrights and copyright infringers do not have a privacy interest in the subscriber information they provide to ISPs. *See Call of the Wild Movie, LLC v. Does 1-1062 et al.*, 770 F.Supp.2d 332, 348 (D.D.C. 2011). Therefore, with respect to the fifth factor, Plaintiff's interest in discovering Defendants' identities outweighs Defendants' interests in remaining anonymous. Accordingly, the Court finds that Plaintiff is entitled to the information in the subpoenas provided to the ISPs so that it may effect proper service upon Defendants once their identities are discovered.

the Court finding that joinder is proper[5] and accordingly, the motion to sever will be

denied; and

*Motions to Dismiss*

it appearing that certain John Doe Defendants move to dismiss the instant action,[6]

arguing that Plaintiff's copyright and Lanham Act claims fail to state a claim;[7] and

---

[5] Federal Rule of Civil Procedure 20 governs permissive joinder and provides that:
> Persons ... may be joined in one action as defendants if: (A) any
> right to relief is asserted against them jointly, severally, or in the
> alternative with respect to or arising out of the same transaction,
> occurrence, or series of transactions or occurrences; and (B) any
> question of law or fact common to all defendants will arise in the
> action.

Fed. R. Civ. P. 20(a)(2). In the Amended Complaint, Plaintiff alleges that all Defendants participated in the same "swarm" of peer infringers that illegally uploaded and then downloaded Plaintiff's copyrighted movie. In addition, Plaintiff's Amended Complaint sufficiently alleges common questions of law or fact by asserting identical claims against all of the Doe Defendants in this action and suing only those Doe Defendants in the exact same swarm. Therefore, the Court finds joinder in this action is proper and declines to sever John Doe 5 from this action.

[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted). When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted).

[7] Defendants argue that Plaintiff cannot make out a copyright infringement claim because Plaintiff does not have a formal copyright registration as required under 17 U.S.C. § 411(a). Plaintiff maintains that it has filed a copyright application with the United States Copyright Office for "Virgins 4" and that it should be permitted to proceed with its claim because it has a

the Court finding that Plaintiff states valid claims for copyright infringement and a

violation of the Lanham Act; and

_____

copyright application pending registration.

       To state a claim for copyright infringement, a Plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  The United States Supreme Court recently held that registration of a copyright is not a necessary prerequisite to bringing a copyright infringement claim in federal court.  *See Reed Elsevier, Inc. v. Muchnick*, __ U.S. __, 130 S.Ct. 1237, 1246 (2010) ("Federal district courts have subject-matter jurisdiction over copyright infringement actions based on 28 U.S.C. §§ 1331 and 1338.  But neither § 1331, which confers subject-matter jurisdiction over questions of federal law, nor § 1338(a), which is specific to copyright claims, conditions its jurisdictional grant on whether copyright holders have registered their works before suing for infringement.").  While the failure to register a copyright for a particular work does not deprive a federal court of jurisdiction over an infringement action, valid registration is an element of an infringement claim.  Although the Third Circuit has not yet addressed whether there must be a valid registration to state a claim, at least one court in this Circuit has held that "allowing claims with pending registrations to proceed best serves the aims of the copyright laws."  *Degginger v. Houghton Mifflin Harcourt Pub. Co.*, 2010 WL 3491358 at *1 (E. D. Pa. 2010).  Therefore, this Court declines to find that Plaintiff fails to state a claim for copyright infringement.

       In addition, Defendants maintain that Plaintiff's Lanham Act claim fails to state a claim because there can be no confusion as to the origin of the movie in question.  Plaintiff argues that in *Dastar Corp v. Twentieth Century Fox Film Corp.*, the United States Supreme Court determined that the type of action undertaken by the Doe Defendants in this case creates a cause of action under 43(a) of the Lanham Act, 15 U.S.C. § 1125.  *Dastar*, 539 U.S. 23, 24 (2003).  Specifically, in *Dastar*, the Court stated:

> Respondents' claim that Dastar has made a "false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which ... is likely to cause confusion ... as to the origin ... of [its] goods" in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), would undoubtedly be sustained if Dastar had bought some of New Line's Crusade videotapes and merely repackaged them as its own.

*Id.*  Because this is exactly what Plaintiff claims Defendants did in the instant action, the Court finds that Plaintiff states a claim for a violation under 43(a) of the Lanham Act.

*Plaintiff's Motion to Amend Caption*

it appearing that good cause has been shown to permit Plaintiff to file a Second Amended Complaint solely for the purpose of amending the caption to name certain previously John Doe Defendants and further updating the introductory allegations identifying the names and addresses of said John Doe Defendants,

**IT IS THEREFORE** on this 6th day of January, 2012,

**ORDERED** that the Motion to Quash or Modify Subpoena by Defendant John Doe 30 [docket # 7] is **DENIED**; and it is further

**ORDERED** that the Motion to Quash a Subpoena by Defendant John Doe 20 [docket # 9] is **DENIED**; and it is further

**ORDERED** that the Motion to Sever for Misjoinder of Parties and Claims and Motion to Quash or Modify Subpoena by Defendant John Doe 5 [docket # 10] is **DENIED**; and it is further

**ORDERED** that the Motion to Quash and Dismiss by Defendant John Doe 33 [docket # 12] is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to Amend/Correct Caption and for Leave to File the Second Amended Complaint so that Plaintiff may have Summonses Issued [docket # 28] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall serve the Second Amended Complaint upon Defendants within 90 days of the date of this Order.

s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.